IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCO IBARRA,

    Plaintiff,

vs.                                                                                           CIV 14-0645 KBM

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

    Defendant.

## **ORDER AWARDING ATTORNEY FEES UNDER EAJA**

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney Fees under Equal Access to Justice Act *(Doc.26)*. Defendant opposes an award of EAJA fees and argues that the Acting Commissioner's position was substantially justified on the appeal. Alternatively, she maintains that the number of hours expended by Plaintiff's counsel in pursuing the appeal is unreasonably excessive. Having reviewed the motion, exhibits, briefs submitted by the parties and the relevant authorities, the Court respectfully disagrees with both arguments and expressly finds that an award of fees in the amount requested is reasonable in this case.

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Clearly, the first factor is met. The Court further finds that the remaining two factors are met as well.

The Commissioner maintains that the ALJ properly discounted a practitioner's opinion regarding the claimant's <u>mental</u> functioning because the opinion was based in part on Claimant's subjective complaints – which the ALJ found incredible -- and not objective findings. Plaintiff correctly distinguishes *White v. Barnhart*, 287 F.3d 903 (10th Cir. 2002), the decision on which the Commissioner relies. Moreover, the Court agrees with Plaintiff that "[t]he question here is not whether it was reasonable for the ALJ to ultimately question or reject the opinions of the SSR 06-03p practitioner's opinion, but whether it was reasonable for the ALJ to fail to analyze that opinion in accordance with the law, and for the Commissioner to defend that decision." *Doc. 29* at 3. The Court cannot conclude that "the government's position both in the underlying agency action <u>and</u> during any subsequent litigation" was reasonable in both law and fact. *Hadden v. Bowen*, 851 F.2d 1266,1267 (10th Cir. 1988) (emphasis added).

Finally, the Court finds that the expenditure of 43.1 hours of work is reasonable given the extensive administrative record – 898 pages in total that included 602 pages of medical records. My law clerk and I expended much more time reviewing this record, researching the issues, and writing the decision on this appeal, not to mention the time further expended on addressing the issues raised by Commissioner in opposition to this EAJA fees motion.

**IT IS THEREFORE ORDERED** that attorney fees be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $8,105.10. *See Astrue v. Ratliff*, 130 U.S. 2521 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

**IT IS FURTHER ORDERED** that, if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
UNITED STATES CHIEF MAGISTRATE JUDGE